Norval HILLMER and Ruth Hillmer, doing business as N–H Trailer Ranch, Appellants (Plaintiffs below),

v.

McCONNELL BROTHERS, a partnership, and Dewey L. McConnell and Harry R. McConnell, Appellees (Defendants below).

No. 3473.

Supreme Court of Wyoming.

June 2, 1966.

Hirst, Applegate & Thomas, Cheyenne, for appellants.

J. F. Mahoney, Casper, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Suit was brought by Norval Hillmer and his wife against McConnell Brothers and the individual partners thereof to enjoin the maintenance of a nuisance. The district court of Albany County denied the relief requested, and plaintiffs have appealed.

The nuisance complained of is a rabbit processing plant in which the carcasses of dead rabbits are butchered, packed into cartons and frozen. The meat is used as food for animals at fur farms. Also the hides of the rabbits and of other fur-bearing animals are cured and stored. The plant is within the City of Laramie and on a block adjacent to one owned by Hillmers and occupied by them in the operation of a trailer court business, commenced prior to the commencement of the McConnell business.

Evidence in the case was such that findings of the trial court would probably be binding on us if there were no statute

or city ordinance defining nuisances in the category here involved. In other words, absent a controlling statute or ordinance, it would be within the province of the trial judge to balance equities and to decide whether an injunction should or should not issue. See Koseris v. J. R. Simplot Company, 82 Idaho 263, 352 P.2d 235, 237–239; and Storey v. Central Hide & Rendering Company, 148 Tex. 509, 226 S.W.2d 615, 618.

■ However, as a general rule, the police power of the state extends to the prevention and abatement of nuisances; and a legislative body, within constitutional limits, may prescribe what shall constitute a nuisance. 66 C.J.S. Nuisances § 7, pp. 736–737. See also King v. Blue Mountain Forest Ass'n, 100 N.H. 212, 123 A.2d 151, 156, 57 A.L.R.2d 234. This power extends to the prohibiting of acts or things not considered offensive or injurious in the past. People v. Johnson, 129 Cal. App.2d 1, 277 P.2d 45, 49; Ghaster Properties, Inc. v. Preston, 176 Ohio St. 425, 200 N.E.2d 328, 333.

In the Johnson case, the court held it is for the city's legislative body to determine what regulations are essential; and its determination will not be disturbed by the courts, unless it plainly can be seen that the regulation has no relation to the protection of health, safety, comfort or well-being of the community, but is a clear invasion of personal or property rights under the guise of police regulations.

It has not been claimed, on behalf of the defendants in the case before us, that either the state's regulatory statute or the city's regulatory ordinance relied on by plaintiffs is an unreasonable or unlawful exercise of the police power. Consequently, the question for us to decide is whether the activities of defendants come within the definition of a nuisance and within the acts prohibited, either by state statute or city ordinance.

Reading only those portions of § 35–462, W.S.1957, which are germane to our problem and omitting the portions which are not applicable, we have this declaration:

"The depositing, placing, or causing to be placed or put, the carcass of any dead animal or the offal or refuse matter from any slaughter house, butcher shop, meat market, packing house * * * in any * * * locality, building, or establishment in this state * * * where the same may become a source of annoyance to any person, or within one-half mile of any inhabited dwelling, or within one-half mile of any public roadway, by any person or persons, association of persons, company or corporation * * * shall be unlawful and is hereby declared to constitute a nuisance detrimental to the public health and general welfare of the citizens of Wyoming * * *."

Likewise, the relevant portion of § 12.-102 of the Revised Ordinances to the City of Laramie, Wyoming, 1957, provides:

"Any person who shall hereafter * * * place * * * any putrid or unsound * * * hides or skins of any kind, or any filth, offal, dung, dead animal, vegetables or other unsound or offensive matter whatever or anything likely to become offensive or shall allow such filth, offal, dung or other offensive matter as aforesaid, to be or remain upon his premises, or in any outhouse, stable, privy or other place, owned or occupied by him, * * * in such manner as to be likely to become offensive to the neighborhood, or deleterious to the health of the citizens, and shall suffer the same to remain twenty-four hours after notice by the City Manager to remove the same, shall be deemed to be the author of a nuisance and, on conviction, shall be fined in a sum not less than two dollars nor more than fifty dollars for each offense."

According to the testimony of defendants, they recognize there are certain noxious odors which may permeate from their operations. They claim to have done what they can to reduce such odors and to

control the scattering of debris. They also spray freely to keep down flies and insects.

The operations nevertheless involve the bringing of large numbers of dead rabbits in open trucks to the McConnell plant. The carcasses are unloaded, skinned, eviscerated, packed into cardboard boxes and placed in a freezer. The hides are put on wire stretchers, dried and baled. The offal and viscera of the carcasses are dumped into barrels and accumulated in an open truck for hauling to the dump.

The McConnells have processed, on an average, 330,000 rabbits per year. At the time of trial, they had 60,000 pounds of skins and approximately 500,000 pounds of meat on hand.

Numerous witnesses, on behalf of plaintiffs, described the odor from the McConnell plant as very repulsive, offensive, objectionable, obnoxious, putrid, nauseating, and sickening. One witness testified the odor had made her sick enough to vomit.

■ Keeping in mind that § 35–462 makes it, by statutory definition, a nuisance to place the carcass of any dead animal or the offal or refuse matter from any slaughter house or packing house in any locality "where the same may become a source of annoyance to any person," or "within one-half mile of any inhabited dwelling," we are compelled to say the annoyance to plaintiffs and other persons stands unrefuted in the evidence. Also, it cannot be denied that the operations are within one-half mile of inhabited dwellings.

It is no answer to the statutory prohibition to say plaintiffs and their witnesses should not have been annoyed, or to say they were not sufficiently annoyed to invoke the harsh remedy of an injunction—if equities are balanced. Neither is it sufficient to say McConnells have done everything reasonably possible to prevent annoyance.

■ It is a proper function of the legislature to define those breaches of public policy which are to be considered public nuisances within the control of equity, and it is not the province of courts to ordain such jurisdiction for themselves in contravention of the legislative declaration. People v. Lim, 18 Cal.2d 872, 118 P.2d 472, 476; People v. Johnson, 129 Cal.App.2d 1, 277 P.2d 45, 51.

The city ordinances of the City of Laramie, and particularly § 12.102, seem to be substantially equivalent to § 35–462 of our statutes, in declaring that operations similar to those conducted by the McConnells shall constitute a nuisance. However, in view of our holding that § 35–462 is applicable and that it makes such operations a nuisance, it is not necessary for us to discuss the ordinances in detail.

We should point out that both the statute and ordinance applicable in this case were in existence prior to the time McConnells commenced their rabbit butchering and packing business. Indeed, it is suggested by plaintiffs, without substantial contradiction, that the McConnells got into their business by obtaining a building permit from the City of Laramie for a warehouse and without ever obtaining a license or permit of any kind for a rabbit processing plant.

■ Although plaintiffs asserted in their complaint a claim for damages, it does not appear they endeavored to prove the money value of damages suffered by them, and no claim for a money judgment has been urged on appeal. There would, of course, be no basis for such a judgment in the absence of proof.

An injunction should have issued, however, prohibiting defendants from doing those acts which are prohibited in § 35–462, W.S.1957, and from maintaining a nuisance such as is therein defined.

A motion filed in this court suggests that plaintiffs have sold and conveyed their trailer court property to a third party, following argument and during consideration of the appeal. However, no substitution of parties has been suggested or requested in our court.

Reversed and remanded for the issuance of an injunction consistent with the views herein expressed, or for such further proceedings as may be made to appear proper but not inconsistent with this opinion.